UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VALEMARIA BLANKENSHIP,

        Plaintiff,

v.

                                                    Case No. 13-12547

COMMISSIONER OF SOCIAL SECURITY,      Honorable Julian Abele Cook, Jr.

        Defendant.

## ORDER

The Plaintiff, Valemaria Blankenship, filed a complaint under 42 U.S.C. § 405(g) requesting review of a final decision by the Defendant, the Commissioner of Social Security Administration ("Commissioner), that she was not disabled under the Social Security Act (the "Act"). Thereafter, the Plaintiff filed a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. (ECF No. 8). The Commissioner likewise filed a motion for summary judgment. (ECF No. 10). The two motions were referred to Magistrate Judge Charles E. Binder for an evaluation and, on June 9, 2014, he filed a report recommending that the Court grant the Commissioner's motion for summary judgment. (ECF No. 12). On June 23, 2014, the Plaintiff filed a timely objection to the magistrate judge's report. (ECF No. 13).

I.

The Court has the authority to review the Commissioner's final decisions to determine if (1) the findings are supported by substantial evidence, and (2) the correct legal standards were applied. 42 U.S.C. § 405(g); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997). Substantial

evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation omitted), and is "more than a scintilla of evidence but less than a preponderance." *Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989). The reviewing court must affirm the Commissioner's decision if it is supported by substantial evidence, even if such evidence could also support a different conclusion. *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999). This review is limited in scope to an examination of the record only. It is important to note that the reviewing court must not "review the evidence *de novo*, make credibility determinations [or] weigh the evidence." *Brainard*, 889 F.2d at 681.

## II.

As an initial matter, the Court notes that a large portion of the Plaintiff's objections are simply verbatim excerpts of arguments previously considered by the magistrate judge. *See Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006) ("We have held that "objections disput[ing] the correctness of the magistrate's recommendation but fail[ing] to specify the findings. . . believed [to be] in error" are too general."). The failure "to file specific objections to a magistrate's report constitutes a waiver of those objections[.]" *Cowherd v. Million,* 380 F.3d 909, 912 (6th Cir. 2004).

With respect to the objections that were reasonably articulated, the Plaintiff asserts that the magistrate judge erred by (1) failing to address her argument concerning the ALJ's improper application of the collateral estoppel doctrine, and (2) concluding there was substantial evidence in the record that the Plaintiff was capable of performing light work.

In May 2002, the Plaintiff applied for disability insurance benefits stemming from the same condition complained of here, namely: bilateral foot pain. On September 10, 2004, the ALJ

determined that, although the Plaintiff suffered from degenerative joint disease of the feet (Tr. 12), she did not have an impairment or a combination of impairments that met or equaled the "Listing of Impairments." This decision became the final decision of the Commissioner on February 2, 2005 when the appeals council denied the Plaintiff's request for a review. The Plaintiff opted not to pursue an appeal of that decision.

The Sixth Circuit has been clear that, absent evidence of "changed circumstances" in the claimant's condition, administrative agencies are bound by their prior decisions. *Drummond v. Comm'r of Soc. Sec.*, 126 F.3d 837, 840-41 (6th Cir. 1997); *See also* 20 C.F.R. § 404.957(c)(1) (stating that an ALJ can dismiss a request for a hearing because "the doctrine of res judicata applies in that we have made a previous determination or decision under this subpart about your rights on the same facts and the same issue or issues, and this previous determination has become final by either administrative or judicial action"). Here, the magistrate judge expressly rejected the Plaintiff's assertion that her condition had worsened since the ALJ's 2004 decision: "The fact that Plaintiff remained capable of walking without help shortly after each foot operation, and that she did not suffer any permanent gait disturbances following the numerous surgeries, is . . . inconsistent with allegations that her foot condition had worsened since 2004." (Report and Recommendation, 7). As such, the Court finds the Plaintiff's objection concerning the magistrate judge's treatment of the issue–or lack thereof–to be without merit.

The crux of the Plaintiff's last objection concerns the sufficiency of the evidence supporting the ALJ's determination that she was capable of performing light work. Based upon the discussion contained in the ALJ's opinion (Tr. 17-20), and the magistrate judge's report (R&R 6-9), the Court finds this argument to be substantively devoid of merit. Moreover, the ALJ specifically limited the

Plaintiff to light work with a litany of restrictions, to wit: "the claimant was able to lift, carry, push and pull 10 pounds frequently, and 20 pounds occasionally; the claimant could stand/walk for 2 hours in an 8 hour work day, and sit for 8 hours in an 8 hour work day, but would have required the option to alternate between sitting and standing at will; she should not have been required to climb ropes, ladder or scaffolding, or to kneel, crouch or crawl; she would have been restricted to occasional stooping and rare climbing of stairs; and she should not have been required to operate or use foot controls." (Tr. 17). Notwithstanding these significant limitations, the vocational expert testified that the Plaintiff was capable of performing a significant number of jobs available in the Michigan economy. (Tr. 20). In sum, the Court finds that the ALJ's decision is within the "zone of choice" from "which the Secretary may proceed without interference from the courts. If the [administrative] decision is supported by substantial evidence, a reviewing court must affirm. *White v. Comm'r of Soc. Sec.*, 572 F.3d 272, 281-82 (6th Cir. 2009). Accordingly, the Court must, and does, deny the Plaintiff's objection.

### III.

For the reasons that have been outlined above, the Court will adopt the report of the magistrate judge in its entirety. In so doing, the Court will (1) grant the Commissioner's motion for summary judgment (ECF No. 10), and (2) deny the Plaintiff's motion for summary judgment (ECF No. 8). This Order closes the case in its entirety.

IT IS SO ORDERED.

Date: September 23, 2014                    s/Julian Abele Cook, Jr.
                                            JULIAN ABELE COOK, JR.
                                            U.S. District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on September 23, 2014.

s/ Kay Doaks
Case Manager